UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                            Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden,<br><br>                            Respondent. | Case No.: 3:18-cv-0172-H-PCL<br><br>**ORDER DENYING PETITIONER'S RULE 60(b) MOTION**<br><br>**[Doc. No. 19]** |

On January 24, 2018, Petitioner Darryl Dunsmore, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his June 3, 2010 state court judgment, along with a request to proceed in forma pauperis. (Doc. Nos. 1, 2.) On January 31, 2018, the Court summarily dismissed the petition and denied the IFP application as moot after determining that the petition was second or successive with the meaning of 28 U.S.C. § 2254, and that Petitioner had failed to seek authorization to proceed from the United States Court of Appeals for the Ninth Circuit as required by 28 U.S.C.§ 2244(b)(3)(A).  (Doc. No. 7.)  The Court ordered the Clerk to mail Petitioner a blank Ninth Circuit Application for Leave to File Second or Successive Petition.  (Id.)

On February 12, 2018, Petitioner filed a motion for reconsideration, arguing that his petition raised new claims that were not present in his first petition, and thus should not be considered second or successive.  (Doc. No. 9.)  On February 14, 2018, the Court denied

Petitioner's motion for reconsideration. (Doc. No. 10.) In the order, the Court explained that Petitioner had made no showing that the claims in his January 24, 2018 petition could not have been raised and adjudicated in his first habeas petition, Case No. 13-cv-1193-GPC-PCL, filed May 17, 2013, which also challenged his June 3, 2010 state court judgment. (Doc. No. 10 at 2.) Thus, Petitioner's January 24, 2018 petition was second or successive within the meaning of 28 U.S.C. § 2254, and Petitioner was required to obtain authorization from the Ninth Circuit before proceeding with his new claims. 28 U.S.C.§ 2244(b)(3)(A). (Id.)

On August 12, 2020, Petitioner filed a notice of appeal. (Doc. No. 13.) On September 18, 2020, the Ninth Circuit dismissed the appeal for lack of jurisdiction on the grounds that the notice of appeal was untimely. (Doc. No. 16.)

On November 5, 2020, Petitioner filed a motion for rehearing pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 19.) In the motion, Petitioner argues that his petition is not successive because its concerns a new judgment that was allegedly entered on August 24, 2018. (Id.) Petitioner also asserts that the Ninth Circuit has declared that his petition is not successive. (Id.)

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons. "Federal Rule of Civil Procedure 60(b) applies in habeas corpus actions, but only in conformity with the provisions of the Antiterrorism and Effective Death Penalty Act ('AEDPA'), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b)." Moraga v. Baca, No. 318CV00330LRHWGC, 2018 WL 10923434, at *1 (D. Nev. July 12, 2018) (citing Gonzalez v. Crosby, 545 U.S. 524, 529 (2005)). Under section 2244(b), unless a petitioner shows he or she has obtained an Order from the appropriate Court of Appeals, authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 153 (2007). Absent such authorization

from the Court of Appeals, a district court is without jurisdiction to consider a successive petition.  See, e.g., Burton, 549 U.S. at 157.

Here, Petitioner argues that his petition is not successive because it concerns a new state court judgment that was entered on August 24, 2018.  (Doc. No. 19 at 1.)  But the problem with this argument is that the habeas petition at issue in this case was filed on January 24, 2018 and challenged his June 3, 2010 judgment.  (See Doc. No. 1.)  The claims in the January 24, 2018 habeas petition could not have been based on the alleged new judgment because that judgment was purportedly entered on August 24, 2018, a later date in time.  As such, Petitioner has failed to show a defect in the final order that was entered in this action dismissing the January 24, 2018 habeas petition.

To the extent Petitioner is attempting to bring a new habeas claim in this action via his Rule 60(b) motion, in order to do so, Petitioner must show that he has obtained authorization from the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3)(A); cf. Balbuena v. Sullivan, 980 F.3d 619, 636 (9th Cir. 2020) "[A] Rule 60(b) motion that asserts a claim on the merits is in effect a habeas petition and is subject to requirements of § 2244(b) for successive petitions." (citing Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)).  In his Rule 60(b) motion, Plaintiff asserts that the Ninth Circuit has authorized him to file a new petition. (Doc. No. 19 at 1.)  Petitioner has not provided the Court with the Ninth Circuit's order.  The Court's research shows that on July 27, 2020, the Ninth Circuit issued an order in Dunsmore v. Eldridge, No. 20-56228 (9th Cir. 2020).[1]  The order in full provides:

> The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court seeks authorization to challenge the applicant's San Diego County jury-trial conviction and sentence in case number SCS215653.  The record indicates that, following remand, the California Court of Appeal on October 8, 2019, reversed the trial

---

[1]   The Court may take judicial notice of the Ninth Circuit's July 27, 2020 order.  See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that a court may take judicial "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'"); see, e.g., Amato v. Narconon Fresh Start, No. 3:14-CV-0588-GPC-BLM, 2014 WL 5390196, at *4 (S.D. Cal. Oct. 23, 2014) (taking judicial notice of a federal court order).

court's order on remand, and remanded the case. The record does not, however, show whether the applicant has been resentenced in accordance with the Court of Appeal's decision.

> Because the applicant is no longer being held in custody pursuant to the same judgment that he challenged in his first § 2254 petition in the United States District Court for the Southern District of California case number 3:13-cv-01193-GPC-PCL, the application is denied as unnecessary. We decline to transfer the application to the district court because it is unclear whether the state trial court has entered a new judgment. If the applicant seeks to challenge a new judgment, he must file a § 2254 habeas petition in the district court that complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010); Wentzell v. Neven, 674 F.3d 1124, 1127-28 (9th Cir. 2012).

Dunsmore v. Eldridge, No. 20-56228, Docket Entry No. 3 (9th Cir., filed Jul. 27, 2020).

In this order, the Ninth Circuit does not provide authorization to file a successive petition in this action. Rather, the Ninth Circuit explains that to the extent Petitioner is seeking to challenge a new state court judgment, he does not need to apply for authorization to file a second or successive § 2254 habeas petition, but that at the time of the Ninth Circuit's order, it was unclear whether the state court had indeed entered a new judgment. Id. Further, even if the state court has now entered a new judgment, per the Ninth Circuit's instructions, the proper procedure for challenging that new judgment is for Petitioner to file a new "§ 2254 habeas petition in the district court that complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." Id. The procedure is not to file a Rule 60(b) motion in a closed case involving a habeas petition that challenged a different judgment. As such, the Court denies Petitioner's Rule 60(b) motion. This case remains closed.

**IT IS SO ORDERED.**

DATED: January 20, 2021

                                           MARILYN L. HUFF, District Judge
                                           UNITED STATES DISTRICT COURT