UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                           Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden,<br><br>                          Respondent. | Case No.: 3:18-cv-0172-H-PCL<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

       On January 24, 2018, Petitioner Darryl Dunsmore, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his June 3, 2010 state court judgment, along with a request to proceed in forma pauperis. (Doc. Nos. 1, 2.)  On January 31, 2018, the Court summarily dismissed the petition and denied the IFP application as moot after determining that the petition was second or successive with the meaning of 28 U.S.C. § 2254, and that Petitioner had failed to seek authorization to proceed from the United States Court of Appeals for the Ninth Circuit as required by 28 U.S.C.§ 2244(b)(3)(A).  (Doc. No. 7.)  The Court ordered the Clerk to mail Petitioner a blank Ninth Circuit Application for Leave to File Second or Successive Petition.  (Id.)

       On February 12, 2018, Petitioner filed a motion for reconsideration, arguing that his petition raised new claims that were not present in his first petition, and thus should not be considered second or successive.  (Doc. No. 9.)  On February 14, 2018, the Court denied

Petitioner's motion for reconsideration. (Doc. No. 10.) In the order, the Court explained that Petitioner had made no showing that the claims in his January 24, 2018 petition could not have been raised and adjudicated in his first habeas petition, Case No. 13-cv-1193-GPC-PCL, filed May 17, 2013, which also challenged his June 3, 2010 state court judgment. (Doc. No. 10 at 2.) Thus, Petitioner's January 24, 2018 petition was second or successive within the meaning of 28 U.S.C. § 2254, and Petitioner was required to obtain authorization from the Ninth Circuit before proceeding with his new claims. 28 U.S.C.§ 2244(b)(3)(A). (Id.)

On August 12, 2020, Petitioner filed a notice of appeal. (Doc. No. 13.) On September 18, 2020, the Ninth Circuit dismissed the appeal for lack of jurisdiction on the grounds that the notice of appeal was untimely. (Doc. No. 16.)

On November 5, 2020, Petitioner filed a motion for rehearing pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 19.) In the motion, Petitioner argued that his petition was not successive because it concerns a new judgment that was allegedly entered on August 24, 2018. (Id.) Petitioner also asserted that the Ninth Circuit had declared that his petition is not successive. (Id.)

On January 20, 2021, the Court denied Petitioner's Rule 60(b) motion. (Doc. No. 20.) In the order, the Court acknowledged that Petitioner asserted that a new state court judgment had been entered on August 24, 2018. (Id. at 3.) But the Court explained that this failed to show a defect in the Court's January 31, 2018 order dismissing his January 24, 2018 petition because the order was issued prior to the entry of the new state court judgment and the petition at issue concerned a different judgment, the June 3, 2010 state court judgment. (Id.)

In addition, in the order, the Court explained that to the extent Petitioner is attempting to bring a new habeas claim in the action via his Rule 60(b) motion, Petitioner would need to show that he has obtained authorization from the Ninth Circuit. (Id. (citing U.S.C. § 2244(b)(3)(A); Balbuena v. Sullivan, 980 F.3d 619, 636 (9th Cir. 2020)). The Court acknowledged that on July 27, 2020, the Ninth Circuit issued an order in Dunsmore

v. Eldridge, No. 20-56228 (9th Cir. 2020).[1]  But the Court explained that in that order, the Ninth Circuit did not provide authorization to file a successive petition in this action.  (Id. at 4.)  Rather, the Ninth Circuit explained that to the extent Petitioner is seeking to challenge a new state court judgment, the proper procedure is for Petitioner to file a new "§ 2254 habeas petition in the district court that complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254."  Dunsmore v. Eldridge, No. 20-56228, Docket Entry No. 3 (9th Cir., filed Jul. 27, 2020).  This Court explained that the procedure was not to file a Rule 60(b) motion in a closed case that involved a different state court judgment. (Doc. No. 20 at 4.)

On February 1, 2021, Petitioner filed a notice of appeal from the Court's denial of his Rule 60(b) motion. (Doc. No. 21.)  On March 2, 2021, the Ninth Circuit issued an order noting that the district court has not issued or declined to issue a certificate of appealability with respect to Petitioner's February 1, 2021 appeal, and, therefore, the Ninth Circuit

---

[1]  The July 27, 2020 Ninth Circuit order provided in full:

> The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court seeks authorization to challenge the applicant's San Diego County jury-trial conviction and sentence in case number SCS215653.  The record indicates that, following remand, the California Court of Appeal on October 8, 2019, reversed the trial court's order on remand, and remanded the case.  The record does not, however, show whether the applicant has been resentenced in accordance with the Court of Appeal's decision.
>
> Because the applicant is no longer being held in custody pursuant to the same judgment that he challenged in his first § 2254 petition in the United States District Court for the Southern District of California case number 3:13-cv-01193-GPC-PCL, the application is denied as unnecessary.  We decline to transfer the application to the district court because it is unclear whether the state trial court has entered a new judgment.  If the applicant seeks to challenge a new judgment, he must file a § 2254 habeas petition in the district court that complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254.  See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010); Wentzell v. Neven, 674 F.3d 1124, 1127-28 (9th Cir. 2012).

Dunsmore v. Eldridge, No. 20-56228, Docket Entry No. 3 (9th Cir., filed Jul. 27, 2020).

1 | remanded the case to the district court for the limited purpose of granting or denying a
2 | certificate of appealability. (Doc. No. 23.)
3 |     A certificate of appealability is required to appeal the denial of a Rule 60(b) motion
4 | in a habeas case. See United States v. Winkles, 795 F.3d 1134, 1143 (9th Cir. 2015); see,
5 | e.g., Colbert v. Haynes, No. 20-35035, 2020 WL 4015608, at *1 (9th Cir. June 30, 2020);
6 | Robledo v. Ryan, No. 18-15732, 2018 WL 5267182, at *1 (9th Cir. Aug. 3, 2018); see also
7 | Payton v. Davis, 906 F.3d 812, 818-19 (9th Cir. 2018) (holding that a certificate of
8 | appealability is required to appeal the denial of a Rule 60(d) motion in a habeas
9 | proceeding). Following the denial of a Rule 60(b) motion in a habeas case, a certificate of
10 | appealability should only issue if "'[1] jurists of reason would find it debatable whether the
11 | district court abused its discretion in denying the Rule 60(b) motion and [2] jurists of reason
12 | would find it debatable whether the underlying [habeas] motion states a valid claim of the
13 | denial of a constitutional right.'" Winkles, 795 F.3d at 1143 (quoting Slack v. McDaniel,
14 | 529 U.S. 473, 484 (2000)). Here, a certificate of appealability should not be issued because
15 | reasonable jurists would not find it debatable whether the Court abused its discretion in
16 | denying the Rule 60(b) motion given the clear language in the Ninth Circuit's July 27, 2020
17 | order explaining how Petitioner should proceed if he seeks to challenge the new state court
18 | judgment. As such, the Court declines to issue a certificate of appealability.
19 | **IT IS SO ORDERED.**
20 | DATED: March 9, 2021
21 |
22 |               MARILYN L. HUFF, District Judge
                UNITED STATES DISTRICT COURT